**Derrick GREEN, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–2467.

Court of Appeals of Alaska.

Sept. 30, 1988.

Barbara K. Brink, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Maurice McClure, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Derrick Green was convicted, based upon his plea of no contest, of murder in the first degree. AS 11.41.100(a)(1). Judge S.J. Buckalew sentenced Green to fifty-five years with five years suspended. Green appeals his sentence to this court, arguing that it is excessive. We affirm.

On May 6, 1987, Green entered the Anchorage Daily News building on Northway Drive in Anchorage. Green was armed with a shotgun. Green shot and killed Gerald Clarkson, shooting him in the back with the shotgun while Clarkson was attempting to run away. Green then went to the office of Ken Carter. Carter was not present in the office, and Green fired a shot through the door. Green then encountered Marina Jones and threatened her with the shotgun. Police were dispatched to the Daily News Building. When the police entered the building they observed Green carrying a pump shotgun. Green was placing a round in the chamber. Green appeared agitated, and when told by an Officer to put the gun down, he did not

do so initially. Green eventually surrendered. When police searched him, they found several knives, all concealed, on his person.

Green had formerly worked for The Daily News. He had been laid off shortly before the incident. When questioned by police officers, Green stated that he had been fired by Mr. Carter. Green said that the newspaper was racist and that all of his co-workers were racially prejudiced. Green also indicated that Gerald Clarkson was prejudiced. Green stated to the officers that he initially intended to shoot Clarkson in the legs, "but when he started running, he just shot." It appears that Green had been abusing alcohol and cocaine for a number of months before the incident. He had gone without sleep for three days prior to the homicide.

Green was thirty-one years old at the time of the homicide. He has no prior criminal record. However it appears that Green has a significant substance abuse problem with cocaine and alcohol.

Murder in the first degree is an unclassified felony. The maximum sentence is ninety-nine years of imprisonment. AS 12.-55.125(a). The minimum sentence is twenty years. In arguing that his sentence is excessive, Green points to his prior excellent record and contends that he has excellent prospects for rehabilitation. Green points out that the author of the presentence report recommended that he be sentenced to the mandatory minimum sentence.

In sentencing Green, Judge Buckalew fully considered Green's lack of a prior record and the favorable recommendation in the presentence report. However, Judge Buckalew concluded that the seriousness of the incident required him to impose the sentence of fifty-five years with five years suspended. In arguing that his sentence is excessive, Green recognizes that the appellate courts of this state have allowed trial judges broad latitude to impose severe sentences for murder in the first degree. There is no benchmark sentence for murder in the first degree. *Riley v. State,* 720 P.2d 951, 952 (Alaska App.1986). We are unaware of any decision of this court or the Alaska Supreme Court reversing a sentence for murder in the first degree because it was excessive. *Id.* The circumstances of this case present a particularly serious offense. Although Green's lack of a prior record and previous good conduct are important mitigating factors, the circumstances of this offense support the sentence which Judge Buckalew imposed. We conclude that the sentence was not clearly mistaken.

AFFIRMED.